GARY R. SCHMIDT, an Individual, Appellant, v. WASHOE COUNTY, a Political Subdivision of the State of Nevada; and THE WASHOE COUNTY BOARD OF COMMISSIONERS, Respondents.

No. 46059

GARY R. SCHMIDT, an Individual, Appellant, v. WASHOE COUNTY, a Political Subdivision of the State of Nevada, Respondent.

No. 46925

June 14, 2007                                          159 P.3d 1099

[Rehearing denied July 31, 2007]

*Glade L. Hall*, Reno, for Appellant.

*Richard A. Gammick*, District Attorney, and *Brian M. Brown* and *Gregory R. Shannon*, Deputy District Attorneys, Washoe County, for Respondents.

Before PARRAGUIRRE, HARDESTY and SAITTA, JJ.

## OPINION

By the Court, PARRAGUIRRE, J.:

In these appeals, we address issues of first impression regarding Nevada's Open Meeting Law (NRS Chapter 241). As both appeals raise similar questions and include the same parties, we consolidate them for disposition.[1] We conclude that (1) a public body may remove an item from its meeting agenda at any time, and (2) regularly scheduled caucus meetings can qualify as "special" meetings under NRS 244.090 if "there is sufficient business to come before the board."

### FACTS AND PROCEDURAL HISTORIES

On January 11, 2005, appellant Gary R. Schmidt and several other persons attended a meeting of the Washoe County Board of Commissioners (WCBC) intending to speak in opposition of a county lobbying contract, which was scheduled as a "consent item" on the meeting agenda.[2] At the beginning of the meeting, however, WCBC announced that the lobbying contract was "being pulled" from the agenda.

According to the minutes of the meeting, after WCBC removed the lobbying contract from its agenda, Schmidt remained and received two opportunities to provide public comment. First, Schmidt commented during the regularly scheduled "public comment" period. Second, Schmidt received two additional minutes of comment time after WCBC reopened the lobbying contract item for the specific purpose of permitting public comment.

In March 2005, WCBC distributed an agenda announcing that it planned to hold a "caucus meeting" on Monday, March 21, 2005, to review agenda items for an upcoming regularly scheduled meeting. The agenda provided that, among other things, "said review, if requested by [WCBC], is limited to a brief staff presentation of issues and may include review of background information and questions to be answered at the regular meeting." Separately, in a box at the bottom of the first page, the March agenda stated,

> Legislative Update—this item may be discussed at Monday's Caucus Meeting and/or Tuesday's Board Meeting and may in-

---

[1]See NRAP 3(b).

[2]Schmidt attached the January 11 agenda as an exhibit to his May 11, 2005, complaint. The lobbying contract in question was listed as agenda item 8(G)(2), which called for WCBC to "[e]xecute agreement between the County of Washoe and Shipman, LLC [total cost $50,000 plus pre-approved expenses] concerning issue expert lobbyist services January 24, 2005 to June 22, 2005; and if approved, direct Finance to make appropriate budget adjustments."

volve discussion by [WCBC] and direction to staff on various bill draft requests (BDRs). Current bills the County is tracking that may be reported on or discussed are listed under *Legislative Affairs* at *www.washoecounty.us.*

Due to time constraints inherent in the legislative process, a list of specific bills that staff will seek direction from the Commission on during *Legislative Briefing* will be posted on the web site under Legislative Affairs at www.washoecounty.us by 6:00 p.m. the Friday before the Monday Caucus and will be posted in the County Manager's Office, and at other locations where the agenda is posted, by 9 a.m. on Monday.

Due to the rapid pace of the legislative session, additional bills upon which comment may be sought from the Board of County Commissioners will be posted as soon as known.

Finally, the agenda also provided for 3 minutes of public comment on all items scheduled for the March 21 caucus meeting.[3]

*Schmidt's allegations*

Proceeding in proper person, Schmidt filed two complaints in Washoe County district court alleging numerous Open Meeting Law violations by WCBC at its January 11 and March 21 meetings.[4]

With respect to WCBC's January 11 meeting, Schmidt raised four issues. First, Schmidt asserted that WCBC violated the Open Meeting Law by ''pulling'' the lobbying contract item from its agenda because WCBC took no action and provided no notice before removing the item. Second, Schmidt contended that WCBC violated the Open Meeting Law at its caucus meeting on January 10, 2005, when it allegedly deliberated on whether to remove the lobbying contract item from its January 11 agenda.[5] Third, Schmidt complained that WCBC improperly reduced his allotment of time to speak on the lobbying contract from 3 minutes to 2 min-

---

[3]Schmidt attached the March 21 agenda as an exhibit to his complaint filed on July 20, 2005. Schmidt also attached the minutes from a caucus meeting held on March 14, 2005, and a copy of his March 23, 2005, letter to the office of the Attorney General.

[4]Schmidt filed his complaint with respect to the January 11 meeting on May 11, 2005, and his complaint with respect to the March 21 meeting on July 20, 2005.

[5]On appeal, Schmidt asserts that WCBC improperly discussed and decided to approve the lobbying contract at some time between January 10 and January 11. However, Schmidt's complaint only alleged that WCBC improperly deliberated ''towards a conclusion and agreement among and between the WCBC members *to pull this item.*'' (Emphasis added.) Thus, we will not address Schmidt's argument that WCBC improperly approved the lobbying contract on either January 10 or January 11.

utes. Fourth, Schmidt argued that WCBC wrongly refused to read into the record at the appropriate time certain letters written by other members of the community.

With respect to WCBC's March 21 caucus meeting, Schmidt raised two issues. First, Schmidt complained that WCBC violated the Open Meeting Law by conducting activities not properly noticed on its agenda.[6] In particular, Schmidt challenged WCBC's decisions to support one legislative bill and oppose another bill without providing sufficient notice of its plan to take such action.[7] Second, Schmidt alleged that WCBC contravened the spirit and substance of the Open Meeting Law and violated Washoe County Code §§ 5.017, 5.019, and 5.021 by failing to hold its March 21 caucus meeting in the proper chambers on the proper day.[8]

*Dismissal of Schmidt's complaints*

Washoe County filed motions to dismiss both of Schmidt's complaints for failure to state a claim.[9] In August 2005, the district court granted Washoe County's motion to dismiss Schmidt's first complaint, reasoning that "[t]he Open Meeting Law does not specify how items are to be placed on the agenda or how they must be removed. It is not required that members of the public be allowed to speak during meetings except during the public comment period." In addition, the district court noted that Schmidt "was in fact allowed to speak on any matter he desired."

Similarly, in February 2006, the district court granted Washoe County's motion to dismiss Schmidt's second complaint. According to the district court, Schmidt "complained the Board conducted activities 'not properly noted on their agenda' such as voting on pending legislation." The district court concluded that "the caucus meeting agenda specifically included a 'legislative update'

---

[6]Specifically, Schmidt alleged that WCBC asked questions, received answers, and deliberated on the agenda items, in violation of "the Open Meeting Law provisions related to agendas and agenda noticing." Schmidt further contended that WCBC violated numerous provisions of the Open Meeting Law when it "made motions and acted upon them by a vote of the Commission on agenda items as if they were agendaized [sic] as action items for the Caucus which clearly they were not."

[7]This allegation is not evident on the face of Schmidt's complaint but can be discerned from Exhibit "C" attached to Schmidt's complaint. Notably, Schmidt did not allege that WCBC failed to post the bills in question on its website, as stated on its March 21 agenda.

[8]According to the complaint, WCBC regularly holds caucus meetings on the Monday before the third Tuesday of the month beginning at 11 a.m. in the Manager's Office Conference Room next to the Office of the County Manager and Staff.

[9]Washoe County filed its motion to dismiss Schmidt's first complaint on July 28, 2005. In support of this motion, Washoe County attached the minutes of WCBC's January 11 meeting. Washoe County filed its motion to dismiss Schmidt's second complaint on November 28, 2005.

[item, which provided] . . . sufficient notice of activities to be conducted during the meeting." Separately, the district court determined that there was "no support for [Schmidt's] contention that WCBC must hold a caucus meeting on a certain day and in a certain room." In the district court's view, because Washoe County Code § 5.019 permits WCBC to hold "special" meetings as authorized by NRS 244.090(1),[10] and since WCBC's March 21 caucus meeting met the requirements of that statute, WCBC did not violate county or state law.[11] These appeals followed.

## STANDARDS OF REVIEW

"An order granting a motion to dismiss for failure to state a claim is subject to a rigorous standard of review on appeal."[12] "All factual allegations in the complaint are regarded as true, and all inferences are drawn in favor of the non-moving party."[13] "A complaint should only be dismissed if it appears beyond a reasonable doubt that the plaintiff could prove no set of facts, which, if true, would entitle him to relief."[14]

In ruling on a motion to dismiss for failure to state a claim, the court may take into account any exhibits attached to the complaint and matters in the record.[15] But when other "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."[16] This court reviews an order granting summary judgment de novo.[17] Summary judgment is only appropriate if the pleadings and other evidence on file, viewed in a light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains in dispute and the moving party is entitled to judgment as a matter of law.[18]

Here, the district court's orders dismissing the two complaints are subject to different standards of review. In ruling on the motion

---

[10]As discussed in further detail *infra*, NRS 244.090(1) authorizes special meetings whenever there is sufficient business to come before WCBC.

[11]The district court also noted that NRS 244.085(5) allows WCBC to hold "additional . . . meetings . . . 'any place within the boundaries of the county.' "

[12]*Rocker v. KPMG LLP*, 122 Nev. 1185, 148 P.3d 703, 707 (2006).

[13]*Hampe v. Foote*, 118 Nev. 405, 408, 47 P.3d 438, 439 (2002).

[14]*Id.*

[15]*Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993).

[16]NRCP 12(b).

[17]*Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

[18]*Id.*

to dismiss Schmidt's first complaint, the district court was presented with and did not exclude matters outside of the parties' pleadings—namely, the minutes from WCBC's January 11 meeting; therefore, we treat the order as one granting summary judgment.[19] In contrast, in ruling on the motion to dismiss Schmidt's second complaint, the court merely considered the pleadings and exhibits attached to the complaint; therefore, we treat the order as one granting a motion to dismiss for failure to state a claim.

## DISCUSSION

Schmidt's appeals raise two important issues of first impression: (1) what procedure, if any, a public body must follow before pulling an item from its NRS 241.020(2)(c) agenda, and (2) under what circumstances NRS 244.090 permits WCBC to hold "special" meetings. In discussing these issues below, we will also address Schmidt's remaining concerns about WCBC's January 11 and March 21 meetings.

### Removing an agenda item under the Open Meeting Law

In enacting the Open Meeting Law, the Legislature intended for public bodies, like WCBC, to take their actions and conduct their deliberations openly.[20] Accordingly, the "meetings of public bodies must be open and public, and all persons must be permitted to attend any meeting of these public bodies."[21]

To facilitate community attendance, the Open Meeting Law requires public bodies to provide "written notice of all meetings . . . at least 3 working days before the meeting."[22] The notice must include an agenda setting forth a "clear and complete statement of the topics scheduled to be considered during the meeting."[23] The agenda must also provide a clearly denoted list of action items and a period devoted to public comment.[24]

---

[19]*See Linthicum v. Rudi*, 122 Nev. 1452, 1455, 148 P.3d 746, 748 (2006) (reviewing a motion to dismiss as a motion for summary judgment because the district court considered matters outside the parties' pleadings, such as a guardianship order).

[20]NRS 241.010.

[21]NRS 241.020(1). A "meeting," as defined by the Open Meeting Law, is "[t]he gathering of members of a public body at which a quorum is present to deliberate toward a decision or to take action on any matter over which the public body has supervision, control, jurisdiction or advisory power." NRS 241.015(2)(a)(1).

[22]NRS 241.020(2).

[23]NRS 241.020(2)(c)(1).

[24]NRS 241.020(2)(c)(2)-(3). NRS 241.015(1) defines "action" as:

(a) A decision made by a majority of the members present during a meeting of a public body;

(b) A commitment or promise made by a majority of the members present during a meeting of a public body;

*A public body may "pull" an agenda item at any time and thus need not discuss every item on its agenda*

Schmidt contends that the agenda requirements of the Open Meeting Law prevent public bodies from "pulling" agenda items during meetings. However, there is no statutory provision requiring public bodies to discuss, or take action on, all agenda items. The agenda requirement merely prohibits a public body from considering or taking action on items without providing proper notice. Because the removal of agenda items does not equate to taking action on those items, we conclude that public bodies are free to remove agenda items at any time. Accordingly, WCBC did not violate the Open Meeting Law when it removed the lobbying contract item from its January 11 agenda, and the district court properly granted summary judgment on this claim.

*WCBC did not violate the Open Meeting Law by holding pre-meeting discussions on whether to remove the lobbying contract item from its agenda*

Schmidt alleges that at a January 10 caucus meeting, WCBC improperly deliberated toward a decision to "pull" the lobbying contract item from its January 11 agenda. However, because a public body may remove or refuse to consider an agenda item at any time, we conclude that discussions regarding whether to remove an agenda item do not implicate the Open Meeting Law. Thus, WCBC did not violate the Open Meeting Law by holding pre-meeting discussions on whether to remove the lobbying contract item from its agenda. Consequently, the district court's grant of summary judgment on this claim was appropriate.

*WCBC did not violate the Open Meeting Law by reducing Schmidt's time for public comment*

Schmidt also argues that WCBC improperly reduced his time for public comment on the lobbying contract item from 3 minutes to 2 minutes.

NRS 241.020(2)(c)(3) requires that the agendas of public bodies include "[a] period devoted to comments by the general public, if any, and discussion of those comments. No action may be taken upon a matter raised under this item of the agenda until the mat-

---

(c) If a public body may have a member who is not an elected official, an affirmative vote taken by a majority of the members present during a meeting of the public body; or

(d) If all the members of a public body must be elected officials, an affirmative vote taken by a majority of all the members of the public body.

ter itself has been specifically included on an agenda as an item upon which action may be taken pursuant to [NRS 241.020(2)(c)(2)]."

In this case, Item 6 on WCBC's January 11 agenda specifically allowed for public comment, which was limited to 3 minutes per person and was restricted to items not listed on the agenda. In addition, the minutes of WCBC's January 11 meeting clearly demonstrate that (1) WCBC provided Schmidt an opportunity to speak during the scheduled time for public comments after it had pulled the lobbying contract item; and (2) WCBC later reopened public comments and allowed Schmidt to speak for an additional 2 minutes on the lobbying contract item.

In light of the above, it is evident that WCBC permitted Schmidt to speak twice, for a total of 5 minutes. Moreover, as demonstrated by the minutes of the January 11 meeting, Schmidt was already aware that WCBC had pulled the lobbying contract item at the time of his initial public comment. Thus, he could have offered his views on the pulling of the item and the actual contract itself at that time because it was no longer on the agenda as a "consent item." If Schmidt had taken this opportunity, he would have had 5 minutes of comment time on the lobbying contract issue. As a result, his argument that WCBC violated his right to public comment fails as a matter of law and the district court properly granted summary judgment.

### *"Special" meetings under NRS 244.090*

The Open Meeting Law defines a "meeting" as "[t]he gathering of members of a public body at which a quorum is present to deliberate toward a decision or to take action on any matter over which the public body has supervision, control, jurisdiction or advisory power."[25] Under county law, WCBC must conduct "regular" meetings on certain days and in certain locations.[26] However, Washoe County Code § 5.019 authorizes WCBC to hold "special" meetings in accordance with NRS 244.090(1), which permits the chairperson of a board of county commissioners to call special meetings "whenever there is sufficient business to come before the board." In addition, under NRS 244.085, WCBC may hold special meetings at any place within the boundaries of the county.[27] Thus,

---

[25]NRS 241.015(2)(a)(1). The Open Meeting Law does not distinguish between a "caucus" and a "meeting."

[26]Washoe County, Nev., Code § 5.017.

[27]*See* NRS 244.085(4)-(5) (providing that the board of county commissioners may change the meeting day and place for "regular" meetings only after "notice of [the] proposed change is published once a week for 2 consecutive weeks in a newspaper of general circulation in the county," but that "[a]dditional meetings" of the board "may be held at any place within the boundaries of the county").

under both county and state law, WCBC may hold special meetings anywhere within Washoe County whenever it has sufficient business to come before the board, provided those meetings satisfy the notice and comment requirements of the Open Meeting Law.

> *WCBC's March 21 "caucus" meeting qualified as a "special" meeting because there was "sufficient business to come before the board"*

Schmidt alleges that WCBC's March 21 "caucus" meeting did not qualify as a "special" meeting. However, WCBC's agenda identified numerous points of business for its March 21 caucus, including (1) a review of agenda items for a joint meeting with the Reno and Sparks City Councils; (2) a review of agenda items for its regular meeting on March 22, 2005; and (3) discussions and directions to staff regarding a "legislative update," which involved "various bill draft requests."[28] Because these items constituted "sufficient business to come before the board," we conclude that WCBC's March 21 caucus qualified as a special meeting under NRS 244.090.[29]

> *WCBC's March 21 agenda met the "clear and complete" requirement of NRS 241.020(2)(c)(1)*

Because WCBC's March 21 caucus qualified as a special meeting, we must address Schmidt's claim that WCBC violated the Open Meeting Law by failing to provide sufficient notice of items upon which WCBC planned to take action.

As mentioned above, the Open Meeting Law requires that WCBC provide "written notice of all meetings . . . at least 3 working days before the meeting."[30] Under NRS 241.020(2)(c)(1), this notice must include an agenda setting forth a "clear and complete statement of the topics scheduled to be considered during the meeting." The agenda must also provide a list of action items and a period devoted to public comment.[31]

In this case, Schmidt attacks the substance of the agenda for WCBC's March 21 caucus meeting. Specifically, Schmidt complains that, at the meeting, WCBC improperly decided to support one legislative bill and oppose another bill without providing

---

[28]The agenda stated that the legislative update "may be discussed at Monday's Caucus Meeting and/or Tuesday's Board Meeting."

[29]In addition, because there are no apparent restrictions on the time or place of special meetings, we conclude that Schmidt's arguments regarding the time and location of WCBC's March 21 caucus meeting are without merit.

[30]NRS 241.020(2).

[31]NRS 241.020(2)(c)(2)-(3).

proper notice. The agenda in question provided as follows: "Legislative Update—this item may be discussed at Monday's Caucus Meeting and/or Tuesday's Board Meeting and may involve discussion by [WCBC] and direction to staff on various bill draft requests (BDRs)." The agenda also instructed that interested parties could obtain "a list of specific bills that staff will seek direction from [WCBC] on" by accessing the Washoe County website at any time after 6 p.m. on "the Friday before the Monday Caucus." In addition, WCBC pledged to post the list of bills "in the County Manager's Office, and at other locations where the agenda is posted, by 9 a.m. on Monday," which was the day of the caucus meeting.[32] Notably, Schmidt does not allege that WCBC failed to post this list online or at the County Manager's Office.

In the past, we have recognized that "[b]y not requiring strict compliance with agenda requirements, the 'clear and complete' standard would be rendered meaningless because the discussion at a public meeting could easily exceed the scope of a stated agenda topic, thereby circumventing the notice requirement."[33] Accordingly, "discussion at a public meeting cannot exceed the scope of a clearly and completely stated agenda topic."[34] In light of these principles, Schmidt's appeal presents a close question. However, we conclude that WCBC met the "clear and complete" requirement as a matter of law by (1) noting that it planned to discuss certain BDRs at its caucus meeting on March 21 or its regular meeting on March 22, and (2) providing a list of the specific BDRs in question on the Washoe County website 3 days before the caucus meeting.

Because WCBC's agenda provided reasonable notice to any interested party that, at its March 21 caucus or March 22 meeting, WCBC planned to discuss and provide direction to staff on certain BDRs listed on its website, the district court properly dismissed Schmidt's claim that WCBC provided insufficient notice of its plan to discuss BDRs at its March 21 caucus meeting.[35]

---

[32]We note that posting the list of bills on WCBC's bulletin board on the day of the meeting would not have been sufficient to satisfy the 3-day rule established by NRS 241.020(2).

[33]*Attorney General v. Board of Regents*, 119 Nev. 148, 154, 67 P.3d 902, 905 (2003).

[34]*Id.*

[35]We distinguish this case from *Attorney General v. Board of Regents*, 119 Nev. 148, 151-57, 67 P.3d 902, 903-07 (2003), where the Board of Regents of the University and Community College System of Nevada (Board) and Campus Environment Committee (Committee) posted two insufficient agendas. There, the Committee posted an agenda stating that it planned to "[r]eview [University], state and federal statutes, regulations, case law, and policies that

## CONCLUSION

WCBC did not violate Nevada's Open Meeting Law when it (1) removed an item from its agenda at the beginning of its meeting on January 11, 2005, and (2) discussed certain bill draft requests at its March 21, 2005, caucus meeting. Accordingly, we affirm the judgments of the district court in all respects.[36]

HARDESTY and SAITTA, JJ., concur.

govern the release of materials, documents, and reports to the public." *Id.* at 151, 67 P.3d at 903-04. However, the Committee actually discussed the substance of a controversial report regarding a University dormitory raid and criticized University police. *Id.* at 151, 67 P.3d at 904. This discussion "greatly exceeded the scope of the 'clear and complete' agenda topic relating to review of law and policies governing the release of materials, documents, and reports to the public." *Id.* at 155, 67 P.3d at 906.

In addition, the Board posted a second agenda stating that "among other things, the Committee would inform the Board about unfinished business and a schedule of topics for the remaining year." *Id.* at 156, 67 P.3d at 906. However, "this was too broad to alert the public of the possibility that Committee recommendations, such as obtaining a redacted [dormitory raid] report and proposing an examination of disarming the [University] police, would be discussed." *Id.*

In this case, the notice was "broad" in the sense that it did not list the specific BDRs that WCBC planned to discuss. However, unlike the Board and Committee in *Board of Regents*, WCBC provided a reasonable way for the public to obtain specific information on the topics it planned to address. Thus, WCBC's agenda met the "clear and complete" requirement of NRS 241.020(2)(c)(1).

[36]In his May 2005 complaint, Schmidt raises several allegations regarding WCBC's failure to read certain community letters into the record at the appropriate time. However, Schmidt fails to demonstrate how this conduct constituted a violation of the Open Meeting Law. Accordingly, the district court properly granted summary judgment on this claim.