# IN THE SUPREME COURT OF THE STATE OF NEVADA

COMSTOCK RESIDENTS
ASSOCIATION; AND JOE MCCARTHY,
Appellants,
vs.
LYON COUNTY BOARD OF
COMMISSIONERS; AND COMSTOCK
MINING INCORPORATED,
Respondents.

No. 68433

**FILED**

DEC 02 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a district court order denying a petition for judicial review in a land use matter. Third Judicial District Court, Lyon County; Robert E. Estes, Senior Judge.

### FACTS AND PROCEDURAL HISTORY

Comstock Residents Association (CRA) petitioned the district court for judicial review after the Lyon County Board of Commissioners (BOC) approved Comstock Mining Inc.'s (CMI's) applications to amend the Lyon County Master Plan and zoning of some of CMI's property near Silver City. CMI applied for the amendments so that it would have the right to then apply for a special use permit to mine the property in the event that the land contained minerals worth mining.

In 2010, the BOC denied CMI's applications. CMI then significantly funded the campaign of one new county commissioner and employed the husband of a second new county commissioner. CMI reapplied to amend the Master Plan and zoning in 2013.

Prior to voting on CMI's new applications, the commissioners disclosed any personal interests related to CMI, reviewed the Lyon County

Planning Commission's report recommending against approving CMI's applications, and heard substantial testimony both in favor of and against the applications. This time, the BOC approved a reduced version of CMI's applications. Because the applications were modified, however, the BOC sent notice of its decision to the Planning Commission so that the Planning Commission could re-evaluate its initial report based on the reduced acreage and produce an updated report. The BOC later acknowledged receipt of the Planning Commission's updated report, which again recommended denying CMI's applications, but the BOC did not reconsider its prior decision.

CRA petitioned for judicial review in the district court on the grounds that: (1) the BOC violated CRA's due process rights, (2) the BOC violated open meeting laws, (3) the BOC abused its discretion, and (4) the BOC violated NRS 278.220(4)'s requirement to wait for and review the Planning Commission report before taking final action. The district court dismissed the first two claims (due process and open meeting law) for failure to state a claim and denied the latter two (abuse of discretion and NRS 278.220(4)) after full briefing.

## DISCUSSION

*The district court erred when dismissing the due process claim because CRA's pleading was sufficient to place the BOC and CMI on notice as to what it was claiming and discovery may lead to facts to substantiate its claim.*

CRA alleged that the fact that CMI significantly funded one commissioner's campaign and employed another commissioner's husband on a year-to-year contract show that those two commissioners should not have participated in the CMI vote. The district court dismissed CRA's due

process claim for failing to state a claim. We conclude that dismissal was premature on this claim.

An order granting a motion to dismiss is reviewed de novo. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). A decision to dismiss a complaint is rigorously reviewed on appeal with all alleged facts in the complaint presumed true and all inferences drawn in favor of the complaint. *Id.* Dismissing a complaint is appropriate "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief." *Id.* at 228, 181 P.3d at 672. A complaint need accomplish no more than to "set forth sufficient facts to demonstrate the necessary elements of a claim for relief so that the defending party has adequate notice of the nature of the claim and relief sought." *W. States Constr., Inc. v. Michoff*, 108 Nev. 931, 936, 840 P.2d 1220, 1223 (1992).

CRA's complaint contained specific allegations about how CRA's members purchased land near or adjacent to the land now owned by CMI because they relied upon the Lyon County Master Plan. The complaint also states that the BOC's approved changes will affect the CRA members' use and enjoyment of their land. CRA alleged that the two aforementioned commissioners should have recused themselves due to impermissible conflicts of interest, both perceived and actual. CRA included numerous factual allegations regarding CMI's allegedly unprecedented support of Commissioner Hastings' campaign. It also included detailed factual allegations regarding Mr. Keller's (Commissioner Keller's husband) along with Keller Rebuilders' (a company allegedly owned by Commissioner Keller and Mr. Keller) contractual situation with CMI. Finally, CRA's complaint contained an allegation that its due

process rights, along with those of its members, were violated because the probability of perceived or actual bias was unconstitutionally high because of these commissioners' dealings with CMI.

We conclude that CRA's pleadings meet Nevada's pleading standard, and CRA should therefore be permitted to proceed on this claim. We therefore reverse the district court's order granting the BOC's motion to dismiss on this ground and remand this matter for further proceedings on this particular claim.

*The district court properly dismissed the open meeting law claim for failure to state a claim*

CRA argues that the BOC violated the open meeting law in two ways. First, it alleges that the commissioners deliberated outside of the public meeting to create the reduced-acreage amendment that eventually passed. Second, it alleges that the BOC failed to provide meeting agendas with the updated proposal before the January 2, 2014, meeting. We disagree on both claims.

*Serial Meeting Claim*

The Nevada Open Meeting Law, found in NRS Chapter 241, defines a meeting as "[t]he gathering of members of a public body at which a quorum is present, whether in person or by means of electronic communication, to deliberate toward a decision or to take action on any matter over which the public body has supervision, control, jurisdiction or advisory power." NRS 241.015(3)(a)(1). A quorum is "a simple majority of the constituent membership of a public body or another proportion established by law." NRS 241.015(5). Alternatively, a meeting can be:

> (2) [a]ny series of gatherings of members of a public body at which:

 

(I) Less than a quorum is present, whether in person or by means of electronic communication, at any individual gathering;

(II) The members of the public body attending one or more of the gatherings collectively constitute a quorum; and

(III) The series of gatherings *was held with the specific intent to avoid the provisions of this chapter.*

NRS 241.015(3)(a)(2) (emphasis added). "[M]ere back-to-back briefings, standing alone, do not constitute a constructive quorum" for the purposes of finding a serial meeting. *Dewey v. Redevelopment Agency of Reno*, 119 Nev. 87, 100, 64 P.3d 1070, 1079 (2003). Thus, a claim that an agency violated the open meeting law by conducting serial meetings fails as a matter of law without an allegation that the serial meetings were specifically intended to avoid the open meeting law requirements.

CRA never alleged that the private meetings were conducted intentionally to subvert the open meeting laws. The plain language of NRS 241.015(3)(a)(2) provides that intent is an element necessary to sustain a finding that the commissioners met serially. Therefore, because CRA failed to allege facts to support a necessary element of a serial meeting, we conclude that the district court did not err in dismissing the open meeting law claim on this ground.

*Deficient Agenda Claim*

Prior to a meeting of a public body, the public body is required to give the public written notice of the meeting's agenda. NRS 241.020(2)(d). The agenda must include all topics to be considered and a list describing all potential action items. *Id.* The plain language of the agenda requirement mandates "that discussion at a public meeting cannot exceed the scope of a clearly and completely stated agenda topic."

*Sandoval v. Bd. of Regents of Univ. & Cmty. Coll. Sys. of Nev.*, 119 Nev. 148, 154, 67 P.3d 902, 905 (2003). The agenda requirement does not, however, preclude a public body from considering less than what is disclosed.

The BOC did not discuss, deliberate, or vote on any item not included on the public agenda. The only difference between the agenda and the action item in question is that the action item had a slightly reduced acreage, completely contained within the disclosed acreage. Because the BOC took action on most, but not all of the land that was fully disclosed in the public agenda, and not a square foot more, we conclude that CRA cannot prove any additional facts that would demonstrate that the BOC violated the agenda requirement of the open meeting law. Accordingly, the district court was correct to dismiss the open meeting law claim on this ground.

*The district court properly found that the BOC did not abuse its discretion because it relied upon substantial evidence when approving CMI's application*

CRA argues that the BOC's decision went against the goals of the Lyon County Master Plan. The BOC argues that the issue is not whether CRA or this court agrees that CMI's applications should have been granted, but whether that decision was based on substantial evidence. We agree with the BOC.

"The grant or denial of a rezoning request is a discretionary act." *Cty. of Clark v. Doumani*, 114 Nev. 46, 53, 952 P.2d 13, 17 (1998), *superseded by statute on other grounds*. "If a discretionary act is supported by substantial evidence, there is no abuse of discretion." *Id.* "[A] presumption of validity attaches to local zoning enactments and amendments." *Id.* A reviewing court is "not empowered to substitute its

judgment for that of a zoning board, in this case the Board of County Commissioners, when the board's action is supported by substantial evidence." *McKenzie v. Shelly*, 77 Nev. 237, 240, 362 P.2d. 268, 269 (1961).

Substantial evidence can come in many forms. *Id.* However, CMI's statements alone are not considered substantial evidence. *City Council of Reno v. Travelers Hotel, Ltd.*, 100 Nev. 436, 439, 683 P.2d 960, 961 (1984).

The record shows that the BOC considered: (1) CMI's expert testimony and reports and (2) statement, maps, photos, and written communication both for and against approving CMI's application. CRA's argument boils down to its disagreement with the BOC, and it is essentially asking us to disagree as well. We cannot grant CRA's request in this case because we are not permitted to reweigh the evidence to reach a different result.[1] Because the evidence in favor of the applications was substantial, the BOC did not abuse its discretion, except possibly as to the potential bias as addressed above. Accordingly, we conclude that the district court correctly found that the BOC relied upon substantial evidence in this matter.

*The district court properly found no violation of NRS 278.220(4)*

CRA argues that the BOC violated NRS 278.220(4) because it approved CMI's applications as amended at the January 2, 2014, meeting without first sending the amended applications back to the Planning

---

[1]There are five permissible findings that the BOC could have made to change the master plan, including changed circumstances, consistency with the overall plan, compatibility with adjacent land uses, lack of adverse effects, or promoting growth. *See* Lyon Cty. Code § 10.12.09(F)(1) (2006). The BOC was only required to find one of the five. *Id.* It found all five.

Commission. As a result, CRA argues that the entire approval should be vacated. We disagree.

NRS 278.220(4) required the Planning Commission to review the application and create a report before the BOC may act upon it, which it did. NRS 278.220(4) did not require resubmission to the Planning Commission after the BOC reduced the scope of the application after the Planning Commission issued its report. Because the Planning Commission had already considered the effect on every acre of land that was modified before the BOC approved the application, we conclude that the BOC complied with NRS 278.220(4).

*CONCLUSION*[2]

We conclude that the district court properly adjudicated the abuse of discretion claim and the NRS 278.220(4) claim. Moreover, the district court properly dismissed the open meeting law claim. However, the district court prematurely dismissed the due process claim because CRA complied with the necessary pleading requirements and is entitled to proceed to discovery on that specific claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

---

[2]We have considered CRA's claim that the BOC submitted an insufficient record to the district court. We conclude that CRA failed to demonstrate that the BOC withheld documents. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007).

 

CHERRY, J., concurring in part and dissenting in part:

I concur with the majority insofar as we should affirm the fully adjudicated claims and reverse the dismissed due process claim. I, however, would also reverse the dismissed open meeting law claim. Nevada is a notice-pleading state. Federal courts have a heightened pleading standard as set forth in *Bell Atlantic Corp. v. Twombly*, which provides that a complaint must contain "enough facts to state a claim that is plausible on its face." 550 U.S. 544, 570 (2007); *but see Garcia v. Prudential Ins. Co. of Am.*, 129 Nev. 15, 18 n.2, 293 P.3d 869, 871 n.2 (2013) (explicitly stating that we have not adopted the *Twombly* standard in Nevada). All that is required to proceed to discovery is "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." NRCP 8(a). Dismissing the complaint was not warranted unless there was no doubt that CRA would be unable to prove any set of facts at all that could entitle it to relief. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). CRA has complied with NRCP 8(a)'s requirements in this case and should be entitled to proceed to discovery on both of its dismissed claims. For this reason, I respectfully dissent.

_____Cherry_____, J.
Cherry

cc: Chief Judge, The Third Judicial District Court
Hon. Robert E. Estes, Senior Judge
John L. Marshall
Allison MacKenzie, Ltd.
Lyon County District Attorney
Third District Court Clerk