IN THE SUPREME COURT OF THE STATE OF NEVADA

NORTHWEST AREA RESIDENTS ASSOCIATION, A DOMESTIC NON-PROFIT CORPORATION; LINDA YOUNG, AN INDIVIDUAL; CARL L. ANDERSON, AN INDIVIDUAL; AL DUCHENE, AN INDIVIDUAL; MARY KREMER, AN INDIVIDUAL; CYNTHIA FRAZER, AN INDIVIDUAL; CHARLES BENZA, AN INDIVIDUAL; JOANN PASSER, AN INDIVIDUAL; LARRY D. THOMAS, AN INDIVIDUAL; MICHAEL JENKINS, AN INDIVIDUAL; MARIA MARTINEZ, AN INDIVIDUAL; JOHNNY RODRIGUEZ, AN INDIVIDUAL; COLEEN WALSH, AN INDIVIDUAL; AND JOHN CODY, AN INDIVIDUAL,
Appellants,
vs.
CITY OF LAS VEGAS, A STATE OF NEVADA MUNICIPAL CORPORATION; AND WESTCARE FOUNDATION, INC., A NEVADA CORPORATION,
Respondents.

No. 74562

FILED

DEC 11 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.[1]

Respondent Westcare Foundation sought and received a special-use permit for a convalescent care facility/nursing home to provide short-term housing for recovering substance abusers. Appellants

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

18-908122

Northwest Area Residents Association et al. (NARA) are area residents who object to placing the facility on the proposed site. NARA petitioned the district court for judicial review of the Las Vegas City Council's decision to approve the special-use permit, arguing that the proposed facility did not meet the LVMC 19.18.020 definition of a "convalescent care facility/nursing home" and that the City Council violated the Open Meeting Law by failing to properly notice the hearing on Westcare's permit application. The district court denied NARA's petition, and this appeal follows. "When a party challenges a district court's decision to deny a petition for judicial review of an administrative agency's determination, our function, which is identical to that of the district court, is to review the evidence presented to the agency and ascertain whether the agency abused its discretion by acting arbitrarily or capriciously." *Fathers & Sons & A Daughter Too v. Transp. Servs. Auth. of Nev.*, 124 Nev. 254, 259, 182 P.3d 100, 103 (2008).

NARA first argues that the City Council improperly interpreted its ordinances in concluding that the project met the definition of a convalescent care facility/nursing home. A city's interpretation of its own ordinances is presumed valid and will be upheld absent a manifest abuse of discretion. *Boulder City v. Cinnamon Hills Assocs.*, 110 Nev. 238, 247, 871 P.2d 320, 326 (1994). LVMC 19.18.020 defines a convalescent care facility/nursing home to include a facility with "a use that would qualify as a Community Residence except for the limitation on the number of residents." A "Community Residence," in turn, encompasses a "Transitional Community Residence," which is "[a] Community Residence that provides housing and a living environment for recovering alcohol and drug abusers and is operated to facilitate their reintegration into the community, but does not provide any treatment for alcohol or drug abuse." LVMC 19.18.020. The

City Council concluded that the facility qualified as a convalescent care facility/nursing home after considering testimony and documentation showing that the facility would provide housing for recovering female addicts and their small children for a period of up to 18 months with individualized case plans and ongoing drug testing on a controlled campus of small apartments designed to facilitate their reintegration into the community after completing a treatment program off-site. NARA's reliance on specific nursing and psychiatric diagnostic standards is misplaced, as the relevant ordinance does not require consulting such authorities. *Cf. Clark Cty. Liquor & Gaming Licensing Bd. v. Simon & Tucker*, 106 Nev. 96, 98, 787 P.2d 782, 783 (1990) (providing that conflicting evidence does not justify this court's substituting its judgment for the agency's where the agency's decision rests on substantial evidence). Insofar as NARA argues that the facility cannot qualify as a convalescent care facility/nursing home without providing care, it neglects the portion of the definition for a transitional community residence that incorporates facilities that do not provide treatment for alcohol and drug abuse, but rather, as here, provide housing and a living environment for recovering substance abusers to facilitate reintegration into the community. As substantial evidence supported the council's determination, NARA has not shown that the City Council acted arbitrarily or capriciously and thereby abused its discretion.

NARA next argues that the City Council abused its discretion by approving a special-use permit that did not comply with several municipal code provisions. Specifically, it argues that the project exceeds the number of permitted beds, that the development fails to seek to reintegrate residents into the community, and that the development improperly places multiple Community Residence facilities too closely.

Whether to grant a request for a special-use permit lies within an agency's discretion and will not be overturned where the decision is supported by substantial evidence. *City of Las Vegas v. Laughlin*, 111 Nev. 557, 558, 893 P.2d 383, 384 (1995). The City Council attended to NARA's concern that each unit would house multiple beds by imposing an express condition that the project may not have more than 87 beds, below the 25-bed-per-acre limit for a 4.69-acre site in an R-E district. *See* LVMC 19.06.060; LVMC 19.12.070 (definition of "convalescent care facility/nursing home"). Insofar as NARA argues that the presence of a wall around the site precludes the project's promoting the residents' reintegration into the community, testimony established that controlling the flow of people in and out of the development was critical to its function as transitional housing. We will not substitute our judgment for that of the City Council on the basis of conflicting evidence. *See Clark Cty. Liquor & Gaming Licensing Bd.*, 106 Nev. at 98, 787 P.2d at 783. And NARA does not identify another Community Residence nearby to substantiate its claim that the project is improperly close to another facility or any legal authority to support its implied claim that each unit within the development should be considered separately for that determination. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider claims not supported by cogent argument or relevant authority). NARA has therefore not shown that the City Council abused its discretion in this regard.

Lastly, NARA argues that the City Council violated the Open Meeting Law by noticing the residents as "patients" in the agenda. Nevada's Open Meeting Law required the City Council to provide an agenda proffering a "'clear and complete statement of the topics scheduled to be

considered during the meeting.'" *Sandoval v. Bd. of Regents of Univ.*, 119 Nev. 148, 154, 67 P.3d 902, 905 (2003) (quoting NRS 241.020(2)(c)(1)). The purpose of this requirement is to give clear public notice of a meeting's subject matter so that the public can attend when subjects of interest are discussed. *Id.* at 155, 67 P.3d at 906. Noting that we have considered and rejected NARA's challenge to the nature of the development, the agenda entry here gave adequate and reasonable notice because it apprised the public of the item on which action was to be taken, consistent with the project's proper classification as a convalescent care facility/nursing home pursuant to LVMC 19.18.020. *See Sandoval*, 119 Nev. at 156, 67 P.3d at 906 (concluding that notice was inadequate where it failed to indicate that a particular subject was to be considered and acted upon); 79-8 Op. Att'y Gen. 31, 31 (1979) (advocating for a reasonableness standard in determining the adequacy of notice under the Open Meeting Law). NARA therefore has not shown that the City Council violated the Open Meeting Law. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____ J.
Gibbons

_____, J.
Hardesty

cc:   Hon. Elissa F. Cadish, District Judge
      Kathleen M. Paustian, Settlement Judge
      Ellsworth & Bennion Chtd.
      Las Vegas City Attorney
      Moran Brandon Bendavid Moran
      Eighth District Court Clerk