OPINION
 

 Per Curiam:
 

 This case presents the issue of whether a short-term lessor of motor vehicles may be required to pay damages to persons injured by lessees of its motor vehicles when a lessee’s personal insurance has paid the Nevada financial responsibility minimum coverage to the injured parties. We conclude that it may be so required.
 

 FACTS
 

 Stephen J. Romeo, a resident of Pahrump, Nevada, leased a car from Allstate Rent-A-Car, Inc. According to an addendum attached to Romeo’s contract with Allstate, Romeo declined all supplemental coverage. The contract provided a warning that read, “[y]our own insurance policy may cover all or a portion of your liability while renting this vehicle. You should consult your insurance agent to determine the scope of your coverage.” At the time that Romeo leased the vehicle, he was personally covered by an insurance policy with California State Automobile Association (“CSAA”) with third-party liability limits of $15,000.00 per person injured or killed in a single accident, $30,000.00 total per accident for bodily injury/death, and $25,000.00 per accident for property damage.
 

 On July 12,' 1996, Romeo was operating his leased car in an allegedly negligent manner and rear-ended a car driven by Pedro Salas. Pedro’s wife, Florence Salas, and Thomas and Ester Rivieras were also in the car. The four sustained injuries for which they received medical treatment.
 

 On June 9, 1997, the Salases filed a personal injury action against Romeo and Allstate. Thereafter, the Salases entered into agreements with Romeo and CSAA under which CSAA, pursuant to Romeo’s insurance policy, agreed to pay Pedro $6,000.00 and Florence $11,000.00 in exchange for a partial covenant not to execute against Romeo. The covenant stated in part that the Salases:
 

 
 *1167
 
 expressly reserve all rights of action, claims and demand against all other persons and entities above, including any and all other coverages . . . and/or personal coverages through any entity, including, but not limited to, ALLSTATE RENT A CAR, its agents, subsidiaries or any other auto rental company or entity, with whom they are associated.
 

 (Emphasis in original.)
 

 CSAA also settled with the Rivieras in the amount of $13,000.00, bringing CSAA’s total payment for the accident to $30,000.00, Romeo’s policy limit and the statutorily required minimum for injury to two or more persons in one accident.
 
 See
 
 NRS 485.3091.
 

 After settling with CSAA, the Salases filed an action against Allstate alleging that the injuries sustained were greater than the $30,000.00 CSAA had paid pursuant to the covenant not to execute. In response to the Salases’ complaint, Allstate filed a motion for summary judgment arguing primarily that it had no obligation to appellants because CSAA had paid an amount equal to the minimum liability limits set by NRS 482.305(1) as interpreted by this court in Alamo Rent-A-Car v. State Farm, 114 Nev. 154, 953 P.2d 1074 (1998).
 

 After a hearing, the district court granted summary judgment for Allstate, stating that:
 

 The reason that [Allstate] is liable for anything is because the statute says you’re liable up to the minimum of fifteen/thirty. So, the issue is did the Legislature intend for them to have to pay in accidents where the damages allegedly exceed the fifteen/thirty limits provided by the driver’s insurance company, or whatever the applicable policy limits are. Should [Allstate] have to pay above and beyond that, either another fifteen/thirty or anything above and beyond that? And my answer to that is I don’t think that the statute contemplates that the rental car companies are to pay, except in a circumstance where the driver does not have insurance. And then the rental car company has to pay the minimum limits.
 

 Thereafter, appellants filed this timely appeal alleging that the district court erred.
 

 DISCUSSION
 

 Summary judgment is appropriate only when no genuine issues of fact exist and the moving party is entitled to judgment as a matter of law.
 
 See
 
 Sprague v. Lucky Stores, Inc., 109 Nev. 247, 250, 849 P.2d 320, 322 (1993). In determining whether summary
 
 *1168
 
 judgment is appropriate, we will view the pleadings and evidence in a light most favorable to the non-moving party.
 
 See id.
 

 The Salases contend that the district court erred in concluding that Allstate was absolved of liability when CSAA tendered the statutory minimum pursuant to the covenant not to execute because their damages allegedly exceed the $30,000.00 statutory minimum coverage that CSAA paid.
 
 [1]
 
 Specifically, the Salases argue that the district court erred in its construction of NRS 482.305(1) and in its interpretation of
 
 Alamo.
 

 NRS 482.305(1) provides, in relevant part, that:
 

 The short-term lessor of a motor vehicle who permits the short-term lessee to operate the vehicle upon the highways, and who has not complied with NRS 482.295 insuring or otherwise covering the short-term lessee against liability arising out of his negligence in the operation of the rented vehicle in limits of not less than $15,000 for any one person injured or killed and $30,000 for any number more than one, injured or killed in any one accident, ... is jointly and severally liable with the short-term lessee for any damages caused by the negligence of the latter in operating the vehicle. . . .
 

 The construction of a statute is a question of law and thus we do not defer to the district court’s interpretation.
 
 See
 
 Maxwell v. SIIS, 109 Nev. 327, 329, 849 P.2d 267, 269 (1993). Our objective in construing statutes is to give effect to the legislature’s intent.
 
 See
 
 Cleghorn v. Hess, 109 Nev. 544, 548, 853 P.2d 1260, 1262 (1993). In so doing, we first look to the plain language of the statute. Where the statutory language is ambiguous or otherwise does not speak to the issue before us, we will construe it according to that which “reason and public policy would indicate the legislature intended.” State, Dep’t of Mtr. Vehicles v. Lovett, 110 Nev. 473, 477, 874 P.2d 1247, 1249-50 (1994) (quoting State, Dep’t Mtr. Vehicles v. Vezeris, 102 Nev. 232, 236, 720 P.2d 1208, 1211 (1986)). In such situations, legislative intent may be ascertained by reference to the entire statutory scheme.
 
 See
 
 SIIS v. Bokelman, 113 Nev. 1116, 1123, 946 P.2d 179, 184 (1997).
 

 
 *1169
 
 NRS 482.305(1) creates a limited “safe harbor” protecting short-term lessors of motor vehicles that provide the minimum statutory coverage from being held jointly and severally liable for damages caused by a negligent lessee. The statute does not, however, expressly address the specific issue presented here. We are, nonetheless, able to discern the legislature’s intent from the broader context of Nevada’s financial responsibility law.
 

 NRS 485.185 requires that every owner of a motor vehicle provide insurance in the minimum amounts set forth therein. Also, in lieu of the “owner’s policy” required by NRS 485.185, the driver may provide an “operator’s policy,” which essentially insures the driver while operating any motor vehicle, in the same minimum amounts.
 
 See
 
 NRS 485.186. Observing the foregoing in light of NRS 482.305(1), we infer that, in instances where the lessee of an automobile under a short-term lease agreement is covered by an owner’s or operator’s policy, the legislature was aware that more than one insurance policy would cover the automobile lessee — the driver’s personal policy pursuant to NRS 485.185 or NRS 485.186 and the lessor’s policy provided pursuant to NRS 482.305(1). We therefore conclude that, by enacting a scheme that contemplates dual coverage, the legislature intended that both policies provide coverage up to the respective statutory minimums.
 

 Allstate counters that such a construction leads to the absurd result of providing a windfall for accident victims. We disagree. We first observe that a “windfall” describes a situation in which the recipient receives some benefit undeserved or unmerited. This term does not describe the recovery that accident victims may receive to compensate their actual losses. Furthermore, reason and public policy support our conclusion: the general spirit of Nevada’s financial responsibility law clearly favors protecting accident victims to the extent possible.
 
 See
 
 Hartz v. Mitchell, 107 Nev. 893, 896, 822 P.2d 667, 669 (1991) (“Nevada has a strong public policy interest in assuring that individuals who are injured in motor vehicle accidents have a source of indemnification.”).
 

 Allstate cites
 
 Alamo
 
 for the proposition that, once the statutory minimum is paid by the lessee’s personal insurance, the lessor is absolved of further liability.
 
 See Alamo,
 
 114 Nev. at 154, 953 P.2d at 1074. In
 
 Alamo,
 
 we held that in cases where the lessee’s own insurance policy and the policy provided by the lessor both contain mutually repugnant “other insurance” clauses, the driver’s personal insurance is the primary insurer up to the statutory minimum.
 
 See id.
 
 at 160, 953 P.2d at 1077. Accordingly, we stated that absent a personal policy covering the driver, the lessor “will step in and compensate the victim up to the minimum lim
 
 *1170
 
 its.”
 
 Id.
 
 In
 
 Alamo
 
 we determined that the lessee’s personal insurance is “primary” and the lessor’s insurance is “secondary,” but we did not address the specific scenario at hand, wherein the lessee’s personal insurance has been consumed to the statutory minimum and the damages incurred allegedly exceed that amount. Thus,
 
 Alamo
 
 does not guide our analysis of the instant matter.
 

 Instead, we conclude that the legislature enacted a statutory scheme providing dual coverage in instances such as this. Sound public policy dictates that a short-term lessor of motor vehicles may be required to compensate the victim, at least up to the statutory minimum, in cases where the lessee’s personal insurance does not fully compensate the victim(s).
 
 [2]
 
 Therefore, in this instance, where the lessee’s personal insurance policy has first been extinguished pursuant to
 
 Alamo,
 
 Allstate may still be required to compensate the victims up to an additional $30,000.00, the statutory minimum for one accident pursuant to NRS 482.305(1), depending on the damages proved.
 

 CONCLUSION
 

 For the foregoing reasons, we conclude that the district court misapplied NRS 482.305(1). Accordingly, there remain certain issues to be addressed, such as the actual amount of damages the Salases incurred. The district court’s order granting summary judgment is reversed and the case is remanded for further proceedings.
 

 [1]
 

 The Salases do not raise the specific argument that is the subject of our analysis. Rather, the Salases contend that they were only paid $17,000.00 by CSAA to settle their claims, and, therefore, Allstate remains liable for at least $13,000.00 more to meet the statutory minimum for one accident of $30,000.00. The record, however, clearly indicates that CSAA has paid a total of $30,000.00 to all passengers: $17,000.00 to the Salases and $13,000.00 to the Rivieras. In any event, we ground our analysis in the question of statutory construction presented by the Salases’ claim that their damages exceeded the statutory minimum.
 

 [2]
 

 We have resolved the issue of whether the short-term lessor of motor vehicles may be required to pay damages to those injured by a lessee of its vehicles when the injured parties have already been paid the statutory minimum by the lessee’s personal insurance. In future cases such as this, when the lessor refuses to insure or otherwise cover the lessee in the minimum statutory amounts or pay damages accordingly, the lessor may be subjecting itself to unlimited joint and several liability with its lessee pursuant to NRS 482.305(1).