# IN THE SUPREME COURT OF THE STATE OF NEVADA

EUGENE STEVENS; AND HARRIET STEVENS,
Appellants,
vs.
PENSKE TRUCK LEASING CO., L.P., A DELAWARE LIMITED PARTNERSHIP,
Respondent.

No. 68676

FILED

FEB 24 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a tort action certified as final under NRCP 54(b). Ninth Judicial District Court, Douglas County; Nathan Tod Young, Judge.

On July 28th, 2011, respondent Penske Truck Leasing Co., L.P. (Penske) rented a truck to nonparty Sierra Scoop, Inc. (Sierra). A delivery driver for Sierra negligently operated the truck and collided with appellants Eugene and Harriet Stevens. The Stevenses brought suit against Sierra and asserted claims of respondeat superior, as well as negligent hiring, training, supervision, management, and entrustment. The Stevenses also brought suit against Penske, alleging negligent entrustment. In response, Penske filed a motion for summary judgment, arguing that NRS 482.305 precludes joint and several liability when it has insured or otherwise covered the short-term lessee and is prepared to tender those amounts to the district court. The district court held a hearing on the matter, and Penske deposited two checks totaling $30,000 with the district court. The district court granted Penske's motion for summary judgment, holding that Penske complied with NRS 482.305 by

17-06535

depositing the two checks for the statutory insurance minimums. The Stevenses now appeal the district court's order.

The present matter implicates two primary statutes: NRS 482.295 and NRS 482.305. NRS 482.295 requires a short-term lessor to provide evidence of minimum third-party liability coverage in order to register rental vehicles with the DMV. *Hall v. Enter. Leasing Co.—W.*, 122 Nev. 685, 688, 137 P.3d 1104, 1106 (2006). "NRS 482.305 enumerates the consequences of failure to provide minimum coverage, subjecting the short-term lessor to joint and several liability with the short-term lessee for any damages caused by the short-term lessee's negligent operation of the vehicle."[1] *Id.*

On appeal, the Stevenses argue that NRS 482.305 (1) clearly and unambiguously requires a short-term lessor to provide insurance or proof of insurance at the time of a rental pursuant to NRS 482.295, and (2) does not allow post-hoc[2] tendering of statutory insurance minimums to relieve the short-term lessor of joint and several liability with the short-term lessee. We disagree.

"Summary judgment is appropriate . . . when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment

---

[1] A short-term lessor is "a person who has leased a vehicle to another person for a period of 31 days or less, or by the day, or by the trip." NRS 482.053(5). A short-term lessee is "a person who has leased a vehicle from another person for a period of 31 days or less, or by the day, or by the trip." NRS 482.053(4).

[2] For the purposes of this order, post-hoc refers to any act subsequent to a car crash caused by a short-term lessee.

as a matter of law." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (internal quotation marks omitted). "This court reviews a district court's grant of summary judgment de novo . . . ." *Id.* Likewise, this court reviews questions of statutory interpretation de novo. *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 125 Nev. 449, 456, 215 P.3d 697, 702 (2009).

We hold that NRS 482.305 is ambiguous as to whether the post-hoc tendering of statutory insurance minimums relieves the short-term lessor of joint and several liability with the short-term lessee. In other words, it is unclear whether a short-term lessor must (1) complete the act of providing coverage at the time of rental, with the coverage continuing up to the preliminary hearing as set forth in NRS 482.305(4); or (2) complete the act of providing coverage at any time before the commencement of the preliminary hearing as set forth in NRS 482.305(4).[3] Furthermore, Nevada caselaw and NRS 482.305's legislative history do not provide meaningful guidance as to whether post-hoc check deposits comply with NRS 482.305.

In examining NRS 482.305's past amendments, however, the Legislature seemed to intend to provide more flexibility in allowing short-term lessors to indemnify short-term lessees. *See State v. Lucero*, 127 Nev. 92, 97, 249 P.3d 1226, 1229 (2011) (providing that when a statute is

---

[3]NRS 482.305(4) provides that "[w]hen any suit or action is brought against the short-term lessor under this section, the judge before whom the case is pending shall hold a preliminary hearing in the absence of the jury to determine whether the short-term lessor has provided insurance or a surety bond or deposit of cash or securities covering the short-term lessee as required by subsection 1."

ambiguous, this court "must look beyond the statutory language to interpret an ambiguous statute by evaluating the legislative history and looking to reason and public policy"). Prior to 1973, NRS 482.305 mandated that a short-term lessor had to either carry liability insurance or require the short-term lessee to carry such insurance to avoid joint and several liability. 1967 Nev. Stat., ch. 237, § 7(1), at 705-06 (providing that "[t]he short-term lessor of a motor vehicle who permits the short-term lessee to operate the vehicle upon the highways, and who *does not carry or cause to be carried* public liability insurance ... shall be jointly and severally liable" (emphasis added)). However, in 1973, NRS 482.305 was amended to create other options for short-term lessors to provide coverage to avoid joint and several liability arising out of the lessee's negligence. 1973 Nev. Stat., ch. 506, § 3(1), at 771 (substituting the words, "does not carry or *cause to be carried public liability insurance*," with "has not complied with NRS 482.295 insuring or *otherwise covering*" (emphases added)).

In accordance with the new language "otherwise covering," the 1973 amendment also added "surety bond or deposit of cash or securities" following any reference to insurance policies in subsections two, three, and four of NRS 482.305. *Id.* at 772. NRS 482.305 was subsequently amended two more times in 1987 and 2015, but the Legislature has preserved the 1973 amendments allowing short-term lessors to provide coverage through a "surety bond or deposit of cash or securities" in lieu of providing insurance. 2015 Nev. Stat., ch. 317, § 5, at 1626-27; 1987 Nev. Stat., ch. 312, § 2, at 669. Thus, we conclude that the series of amendments for NRS 482.305 support an interpretation of legislative intent allowing for more flexibility in achieving indemnification for injured third-party

motorists. Accordingly, we hold that Penske's post-hoc depositing of checks with the statutory minimums for liability insurance aligns with the legislative intent of insuring coverage for injured third-party motorists pursuant to NRS 482.305's amendments.

Lastly, the Stevenses argue that the district court's granting of summary judgment in favor of Penske would subvert Nevada public policy. We disagree.

Allowing a short-term lessor to provide post-hoc coverage in compliance with NRS 482.305 would conform to strong Nevada public policy assuring the indemnification of injured motorists. *Hartz v. Mitchell*, 107 Nev. 893, 896, 822 P.2d 667, 669 (1991) ("Nevada has a strong public policy interest in assuring that individuals who are injured in motor vehicle accidents have a source of indemnification. Our financial responsibility law reflects Nevada's interest in providing at least minimum levels of financial protection to accident victims."). In addition, NRS 482.305 is not meant to "engraft independent tort liability upon the [short-term] lessor for the [short-term] lessee's negligence," but rather "to provide indemnification for the underlying tort liability of the [short-term] lessee." *Hall*, 122 Nev. at 693, 137 P.3d at 1109.[4] Here, Penske's act of depositing two checks totaling $30,000 with the district court ensures that

---

[4]We note that the Stevenses present other arguments in this appeal; however, we need not consider these arguments because the district court correctly interpreted and applied NRS 482.305 in granting Penske's summary judgment motion. *See First Nat'l Bank of Nev. v. Ron Rudin Realty Co.*, 97 Nev. 20, 24, 623 P.2d 558, 560 (1981) ("In that our determination of the first issue is dispositive of this case, we do not reach the second issue . . . .").

the Stevenses are indemnified in satisfaction of NRS 482.305 without engrafting independent tort liability on Penske. Therefore we,

ORDER the judgment of the district court AFFIRMED.

_____ , C.J.
Cherry

_____ , J.
Douglas

_____ , J.
Gibbons

cc:    Hon. Nathan Tod Young, District Judge
       Laurie A. Yott, Settlement Judge
       Law Office of Bradley L. Booke
       Alverson Taylor Mortensen & Sanders
       Douglas County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A