140 Nev., Advance Opinion 76

IN THE SUPREME COURT OF THE STATE OF NEVADA

MALCO ENTERPRISES OF NEVADA,
INC., A DOMESTIC CORPORATION,
Appellant,
vs.
ALELIGN WOLDEYOHANNES,
Respondent.

No. 85978



FILED

DEC 05 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order applying a default judgment in a personal injury action. Eighth Judicial District Court, Clark County; Bita Yeager, Judge.

*Affirmed.*

Malco Enterprises of Nevada, Inc., and Tamer B. Botros, Las Vegas; Messner Reeves LLP and Renee M. Finch and Steven G. Knauss, Las Vegas, for Appellant.

Hilton Parker LLC and Jonathan Lawrence Hilton, Reynoldsburg, Ohio; The702Firm and Bradley J. Myers, Michael C. Kane, and Brandon A. Born, Las Vegas,
for Respondent.

BEFORE THE SUPREME COURT, STIGLICH, PICKERING, and PARRAGUIRRE, JJ.

24-46373

*OPINION*

By the Court, PARRAGUIRRE, J.:

NRS 482.305 holds short-term lessors of motor vehicles who fail to provide minimum insurance coverage to lessees jointly and severally liable for damages caused by a lessee's negligence. A federal statute known as the Graves Amendment, 49 U.S.C. § 30106, prohibits states from holding vehicle lessors vicariously liable for damages caused by others without a showing of negligence or wrongdoing. In this opinion, we conclude that NRS 482.305 is not preempted by the Graves Amendment because it is a financial responsibility law that is preserved by the Graves Amendment's savings clause. *See* 49 U.S.C. § 30106(b). The district court correctly reached the same conclusion in applying a default judgment against the lessor in the proceeding below. Thus, we affirm.

*FACTS AND PROCEDURAL HISTORY*

Sky Moore rented a car from Budget Car and Truck Rental of Las Vegas, an entity owned and operated by appellant Malco Enterprises of Nevada, Inc. Sky named Daniel Moore as an additional driver and declined "Supplemental Liability Insurance," which covers the lessee and additional drivers against injury and property damage claims. Daniel subsequently rear-ended respondent Alelign Woldeyohannes while driving the rental car while intoxicated.

Alelign sued Daniel for damages under theories of negligence and negligence per se and Malco for negligent entrustment. Alelign served Daniel by publication,[1] but Daniel never answered the complaint, nor did

---

[1]The record also indicates that Alelign unsuccessfully attempted to serve Daniel via mail and by process server at an address in Englewood, Colorado, in July and August 2020.




he participate in the litigation. Daniel's failure to appear resulted in entry of a default against him.

The case subsequently proceeded to arbitration, and Malco participated in the arbitration. The arbitrator entered an award in Alelign's favor for $32,680.26, but Malco requested trial de novo. The request was granted, and the case proceeded in the district court under short trial rules. The short trial judge entered default judgment against Daniel in the amount of $37,886.82.

Alelign moved to apply the default judgment against Malco under NRS 482.305(1), which holds short-term lessors of motor vehicles who fail to provide coverage "jointly and severally liable" for damages caused by negligent lessees. Malco opposed, arguing that NRS 482.305 is preempted by the Graves Amendment, 49 U.S.C. § 30106, which prohibits states from holding vehicle lessors vicariously liable for damages caused by others without a showing of negligence or wrongdoing on the part of the lessor.

The short trial judge granted Alelign's motion to apply the default judgment against Malco, and the district court subsequently entered a final judgment consistent with the short trial judge's findings. The short trial judge concluded, and the district court affirmed, that NRS 482.305 is not preempted by the Graves Amendment because "NRS 482.305 is a financial responsibility law" subject to the Graves Amendment's savings clause. Malco now appeals, challenging the conclusion regarding preemption.[2]

---

[2]We note that Malco only raises the preemption issue on appeal. It did not argue below, nor does it raise on appeal, that it complied with the statutory minimum insurance coverage requirements expressed in NRS 482.305. Therefore, we will not consider the issue. *See Old Aztec Mine, Inc.*

SUPREME COURT
OF
NEVADA

3

(O) 1947A

## DISCUSSION

*Overview of the Graves Amendment*

The Graves Amendment, enacted by Congress in 2005, states:

An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) *shall not be liable under the law of any State* or political subdivision thereof, *by reason of being the owner of the vehicle* (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of rental or lease, if—

(1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and

(2) *there is no negligence or criminal wrongdoing on the part of the owner* (or an affiliate of the owner).

49 U.S.C. § 30106(a) (emphases added).

Critically, the Graves Amendment includes a savings clause. As legislative history of the Graves Amendment indicates, some members of Congress opposed the legislation on the grounds that if an individual were injured by the negligent driver of a rented motor vehicle, they could be left without legal recourse for damages if they were prohibited from suing the rental car company.[3] *See* 151 Cong. Rec. H1199-1200 (daily ed. Mar. 9,

---

*v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

[3]Stated more plainly, "[i]f a foreigner rents a car in New York City or Los Angeles, runs over a pedestrian and her child, and then flees the country, the injured family would be left with no remedy should this amendment pass." 151 Cong. Rec. H1200 (daily ed. Mar. 9, 2005) (statement of Rep. Jerry Nadler).




2005). Opponents feared this risk would be especially problematic in "big tourism States," like Nevada, where injured residents may struggle to bring negligent drivers visiting from out of state into court. *See id.* at H1200 (statement of Rep. Jerry Nadler).

Representative Sam Graves, the legislation's proponent, assured his opponents that there would be "no uninsured rental vehicles on the road," and "[e]very single rental vehicle out there has to meet the State's minimum requirements for insurance." 151 Cong. Rec. H1200 (daily ed. Mar. 9, 2005). Representative Graves further provided that the proposed legislation would not affect state laws mandating that rental vehicles be insured because "before they can even be registered, [they] have to meet the State's minimum requirements for insurance." *Id.* at H1202. Thus, Representative Graves implied that the amendment would maintain "recourse," *id.* at H1200, and "compensation or means for compensation" for constituents in high-tourism areas, *id.* at H1202 (statement of Rep. Sam Graves). The savings clause pertaining to state "[f]inancial responsibility laws" reads:

> Nothing in this section supersedes the law of any State or political subdivision thereof—
>
> (1) imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or
>
> (2) imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.

49 U.S.C. § 30106(b).

SUPREME COURT
OF
NEVADA

(O) 1947A

*Overview of NRS 482.305*

NRS 482.305(1) states, in relevant part, that:

> The *short-term lessor* of a motor vehicle who permits the short-term lessee to operate the vehicle upon the highways, and *who has not complied with NRS 482.295 insuring or otherwise covering the short-term lessee against liability arising out of his or her negligence in the operation of the rented vehicle* in limits of not less than $25,000 for any one person injured or killed and $50,000 for any number more than one, injured or killed in any one crash, and against liability of the short-term lessee for property damage in the limit of not less than $20,000 for one crash, *is jointly and severally liable with the short-term lessee for any damages caused by the negligence of the latter* in operating the vehicle *and for any damages caused by the negligence of any person operating the vehicle by or with the permission of the short-term lessee . . . .*[4]

(Emphases added.)

*Whether the Graves Amendment preempts NRS 482.305*

"Pursuant to the Supremacy Clause of the United States Constitution [U.S. Const. art. VI, cl. 2], 'state laws that conflict with federal law are without effect.'" *Munoz v. Branch Banking & Tr. Co.*, 131 Nev. 185, 187, 348 P.3d 689, 690 (2015) (quoting *Altria Grp., Inc. v. Good*, 555 U.S. 70, 76 (2008)). A preemption problem may arise where a federal statute

---

[4]We note that NRS 482.305 was originally enacted in 1931, almost 75 years before Congress passed the Graves Amendment in 2005. *See* 1931 Nev. Stat., ch. 202, § 20, at 333. The Legislature amended NRS 482.305 in both the 2015 and 2017 legislative sessions, but only to make minor word changes (2015) and update minimum coverage amounts (2017). There was no mention of the Graves Amendment or preemption by federal law. *See* 2017 Nev. Stat., ch. 258, § 1, at 1339-40; 2015 Nev. Stat., ch. 317, § 5, at 1626-27.

*expressly* preempts state law by "containing an express preemption provision" that "withdraw[s] [a] specified power[ ] from the States," *Arizona v. United States*, 567 U.S. 387, 399-400 (2012), as the Graves Amendment appears to do, *cf.* 49 U.S.C. § 30106(a) ("An owner of a motor vehicle that rents or leases the vehicle to a person . . . *shall not be liable under the law of any State . . . .*" (emphasis added)).

This court reviews preemption questions de novo. *Munoz*, 131 Nev. at 188, 348 P.3d at 691. The United States Supreme Court has explained that an express federal preemption provision must be narrowly construed. *See Altria*, 555 U.S. at 76 ("If a federal law contains an express pre-emption clause, it does not immediately end the inquiry because the question of the substance and scope of Congress' displacement of state law still remains."). Moreover, when addressing a preemption question, the court must "begin [its] analysis 'with the assumption that the historic police powers of the States [are] not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'" *Id.* at 77 (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). "That assumption applies with particular force when Congress has legislated in a field traditionally occupied by the States." *Id.* Accordingly, "[i]f the statute contains an express pre-emption clause, the task of statutory construction must in the first instance focus on the plain wording of the clause, which necessarily contains the best evidence of Congress' pre-emptive intent." *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993). But "when the text of a pre-emption clause is susceptible of more than one plausible reading, courts ordinarily accept the reading that disfavors pre-emption." *Altria*, 555 U.S. at 77 (internal quotation marks omitted).

Here, "personal-injury actions involving rented or leased motor vehicles" is a field traditionally occupied by the states. *Mumpower v. Malco Enters. of Nev., Inc.*, 654 F. Supp. 3d 1146, 1151 (D. Nev. 2023). Thus, we read any ambiguity with respect to Congress' intent behind the Graves Amendment in a manner that disfavors preemption of NRS 482.305. *See Altria*, 555 U.S. at 77.

*The short trial judge correctly determined that NRS 482.305 is preserved by the Graves Amendment's savings clause*

The Graves Amendment plainly forbids state laws "imposing strict liability against a rental car company for the negligent acts of its lessee." *Garcia v. Vanguard Car Rental USA, Inc.*, 540 F.3d 1242, 1246 (11th Cir. 2008). Given that NRS 482.305 appears to allow for precisely this type of action, express preemption by the Graves Amendment may seem to be a foregone conclusion. Here, however, the short trial judge determined that "NRS 482.305 is a financial responsibility law that fits within the carve-out of 49 U.S.C. § 30106(b) and is therefore not preempted by the Graves Amendment." Thus, we will assess whether NRS 482.305 falls within the savings clause.

*Garcia* is the prevailing case interpreting the Graves Amendment's savings clause. *Garcia* concerned a Florida statute, Fla. Stat. § 324.021(9)(b)(2), that held short-term vehicle lessors vicariously liable for damages but "reduce[d] the rental company's liability exposure *if a lessee* [was] insured for $500,000 or more," 540 F.3d at 1246 (emphasis added). The United States Court of Appeals for the Eleventh Circuit began by defining "the term 'financial responsibility law' to denote state laws which *impose insurance-like requirements* on owners or operators of motor vehicles, but permit them to carry, in lieu of liability insurance per se, its financial equivalent, such as a bond or self-insurance." 540 F.3d at 1247

(emphasis added). The court reached this conclusion by noting "the ubiquitous association of 'financial responsibility' with insurance requirements" in statutes, treatises, and legal dictionaries. *Id.* at 1248. Ultimately, the *Garcia* court determined that Florida Statute § 324.021(9)(b)(2) was not a financial responsibility law subject to the Graves Amendment's savings clause because the statute "*induce[d]*," rather than *required*, "car rental companies to ensure that their lessees are adequately insured." 540 F.3d at 1248 (emphasis added). As the court explained, "financial responsibility laws are *legal requirements*, not mere financial *inducements* imposed by law." *Id.* (emphases added). The *Garcia* court wrapped up its interpretation of the savings clause as follows:

> [T]he import of the Graves Amendment is clear. States may require insurance or its equivalent as a condition of licensing or registration, or may impose such a requirement after an accident or an unpaid judgment. 49 U.S.C. § 30106(b)(1). They may suspend the license and registration of, or otherwise penalize, a car owner who fails to meet the requirement, or who fails to pay a judgment resulting from a collision. 49 U.S.C. § 30106(b)(2). *They simply may not impose such judgments against rental car companies based on the negligence of their lessees.* 49 U.S.C. § 30106(a).

540 F.3d at 1249 (emphasis added).

Other jurisdictions have adhered closely to *Garcia* and its distinction between insurance *requirements* and *inducements* as key to determining whether a statute is subject to the Graves Amendment's savings clause. *Compare Meyer v. Nwokedi*, 777 N.W.2d 218, 225 (Minn. 2010) (determining a Minnesota statute was preempted by the Graves Amendment because the statute used "if . . . then" language that merely "provide[d] rental-vehicle owners with the *option* of capping potential

SUPREME COURT
OF
NEVADA

(O) 1947A

9

vicarious liability for legal damages" rather than imposing liability for failure to meet insurance requirements) (emphasis added)), *and Rodriguez v. Testa*, 993 A.2d 955, 965 (Conn. 2010) (determining a Connecticut statute was preempted by the Graves Amendment because it "[did] not *mandate* that lessors procure such [insurance] coverage as a prerequisite to conducting business" but rather gave them the *option* to do so), *with Puerini v. LaPierre*, 208 A.3d 1157, 1165 (R.I. 2019) (determining the Graves Amendment did not preempt a Rhode Island statute that "impos[ed] liability on [lessors] . . . for failure to meet [Rhode Island's] financial responsibility or liability insurance requirements" (second alteration added)).

Malco emphasizes that most of the foregoing decisions determined that the Graves Amendment preempted state statutes. This is true, but only because the statutes at issue in those decisions did not *require* rental companies to ensure their lessees were adequately insured, as our summary makes clear.

Malco offers *Subrogation Division, Inc. v. Brown*, 446 F. Supp. 3d 542 (D.S.D. 2020), as a supposed alternative to the requirement/inducement analysis set forth in *Garcia*. However, as Alelign notes, *Brown* concerned a South Dakota law that held lessors *primarily* liable. Therefore, *Brown* would only have significance in this case if Nevada law also imposed primary liability on lessors. We therefore decline to adopt this alternative analysis and instead follow our sister courts in adopting *Garcia*'s approach.

*Interpreting NRS 482.305*

Once again, NRS 482.305(1) provides, in relevant part, that a lessor who leases a vehicle to a lessee "*and* who has not complied with NRS 482.295 insuring or otherwise covering the short-term lessee against liability arising out of his or her negligence" in minimum amounts of $25,000 (one person injured or killed), $50,000 (more than one person injured or killed), and $20,000 (property damage), "is jointly and severally liable . . . for any damages caused by the negligence" of the short-term lessee and any additional driver.

*Hall v. Enterprise Leasing Company-West*, 122 Nev. 685, 137 P.3d 1104 (2006), sets forth our most recent interpretation of NRS 482.305. In essence, we considered the proper allocation of liability between a short-term lessor and a negligent lessee, where the lessee carried personal insurance ($100,000 liability per person injured), the lessor *also* provided coverage to the minimum limits ($15,000 per person injured and $30,000 total for two or more persons injured), and the plaintiff claimed damages in excess of the lessee's personal liability limit. *Hall*, 122 Nev. at 686-87, 137 P.3d at 1105-06.

In addressing this issue, *Hall* initially explained that

> NRS 482.295 *requires* short-term lessors to provide evidence of minimum coverage on rental vehicles as a condition of DMV registration. In turn, NRS 482.305 *requires* that the independent minimum coverage provided under NRS 482.295 must also cover short-term lessees *in order for* the lessor to avoid joint and several liability to the injured third-party claimant for damages caused by the lessee.

122 Nev. at 690, 137 P.3d at 1107 (emphases added). Furthermore, as recognized in *Hall*, in *Salas v. Allstate Rent-A-Car, Inc.*, 116 Nev. 1165, 14 P.3d 511 (2000), this court interpreted NRS 482.305 as part of a statutory scheme that "mandates dual or 'stacked' coverage when the short-term lessee is insured under a personal automobile liability policy, when the short-term lessor has provided statutory coverage, and when the damages sustained by the claimant against the lessee exceed the lessee's personal insurance limits." 122 Nev. at 689, 137 P.3d at 1107. *Hall* also noted that under *Alamo Rent-A-Car, Inc. v. State Farm Mutual Automobile Insurance Co.*, 114 Nev. 154, 953 P.2d 1074 (1998), "the short-term lessee's personal policy provides primary coverage up to the statutory minimums, and the coverage provided by the short-term lessor is deemed to be 'secondary,' *i.e.*, excess coverage." 122 Nev. at 689, 137 P.3d at 1107 (quoting *Alamo*, 114 Nev. at 159, 953 P.2d at 1077). Accordingly, "absent a personal policy covering the driver, the lessor 'will step in and compensate the victim up to the minimum limits.'" *Id.* (quoting *Alamo*, 114 Nev. at 160, 953 P.2d at 1077).

Thus, *Hall* concluded that "NRS 482.305 implicitly *requires* that the short-term lessor independently provide minimum 'insurance' or 'coverage' to *indemnify* the short-term lessee for his or her liabilities to third parties injured by the short-term lessee's negligence." 122 Nev. at 690, 137 P.3d at 1107 (emphases added). Pursuant to *Salas*, "these coverages stand as independent sources of public protection against the use of short-term rental vehicles." *Hall*, 122 Nev. at 690, 137 P.3d at 1107-08. Moreover, this court clarified that "*Salas'* conclusion is underscored by the language in NRS 482.305(4) that mandates dismissal of actions against the short-term lessor when the lessor, not the lessee, provides proof that it 'has provided'

Supreme Court
OF
Nevada

12

(O) 1947A

the required coverage (insurance, deposit or bond)." *Id.* at 690, 137 P.3d at 1108. Critically, *Hall* also clarified that if a lessor of a rental car provides the statutorily mandated liability coverage to a lessee under NRS 482.305(1), the lessor has no *direct* liability to a third-party tort claimant but merely *indemnifies* for the underlying tort liability of the lessee to the extent of the damages proved. 122 Nev. at 692-93, 137 P.3d at 1109.

Hall was decided before passage of the Graves Amendment, but its analysis remains unaffected by the Amendment and informs the instant preemption issue on several grounds. First, *Hall* clearly interprets NRS 482.305 as imposing a *legal requirement* that lessors independently cover lessee liability up to the minimum amounts, rather than a mere financial *inducement* to do so. *Cf. Garcia*, 540 F.3d at 1248. This interpretation is supported by the plain language of NRS 482.305(1), which provides that lessors who permit lessees to operate a leased vehicle "upon the highways" *and* who fail to provide minimum coverage to the lessee will be "jointly and severally liable" with the lessee. Unlike the Florida, Minnesota, and Connecticut statutes mentioned above, NRS 482.305 does not use "if . . . then" language, *Meyer*, 777 N.W.2d at 225, and does not merely give lessors "the *option*" to provide lessees with coverage, *Rodriguez*, 993 A.2d at 965. Rather, like the Rhode Island provision upheld in *Puerini*, NRS 482.305 imposes liability on lessors for failure to meet *Nevada's* "financial responsibility or liability insurance requirements." 208 A.3d at 1165 (quoting 49 U.S.C. § 30106(b)(2)). This point is made clear by NRS 482.305(4), which, as *Hall* explains, requires dismissal of actions against a lessor when the lessor proves it has provided the lessee with minimum coverage. 122 Nev. at 690, 137 P.3d at 1108.

(O) 1947A

Second, *Hall's* discussion of Nevada's dual coverage system clarifies that the lessor's coverage under NRS 482.305 only serves to "step in" and compensate the victim when damages "exceed the lessee's personal insurance limits." 122 Nev. at 689, 137 P.3d at 1107. Thus, the lessor's coverage is "secondary." *Id.* This renders *Brown* distinguishable because Nevada does not require lessors "to *primarily* cover" lessee damages. 446 F. Supp. 3d at 553 (emphasis added). Moreover, *Hall* emphasizes that the legal mechanism underlying NRS 482.305 is the lessor's *indemnity* for lessee liability, rather than its *direct liability* to the victim. 122 Nev. at 692-93, 137 P.3d at 1109. In our view, this steers NRS 482.305 clear of *Garcia's* prohibition that financial responsibility cannot be "premised on" vicarious liability such that "[t]he exception would swallow the rule." 540 F.3d at 1248. NRS 482.305 does not impose strict vicarious liability upon lessors "based on the negligence of their lessees," *Garcia*, 540 F.3d at 1249, because this court has not read NRS 482.305 "to engraft independent tort liability upon the lessor for the lessee's negligence," *Hall*, 122 Nev. at 693, 137 P.3d at 1109. Rather, "liability only obtains when [a lessor] fails to provide the separate short-term rental insurance or security." *Id.* (internal quotation marks omitted).

## CONCLUSION

In sum, we hold that NRS 482.305 is not preempted by the Graves Amendment because it is a financial responsibility law preserved by the savings clause under 49 U.S.C. § 30106(b)(1) and (2). *Hall* clearly supports an interpretation of NRS 482.305 as "imposing liability [on lessors] . . . for failure to meet the financial responsibility or liability

(O) 1947A

insurance requirements under State law" pursuant to 49 U.S.C. § 30106(b)(2). *See Hall*, 122 Nev. at 693, 137 P.3d at 1109. We therefore affirm the district court's judgment confirming the decision of the short trial judge.

_____, J.
Parraguirre

We concur:

_____, J.
Stiglich

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A